UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JASON NEGRON,

                                                  Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE OFFICER JOSEPH
POVEROMO (tax # 949504), POLICE OFFICER
KRISTOPHERO LOPEZ (tax # 949221), SERGEANT
DMITRY DURETS (tax # 921305)

                                                  Defendants.

**FIRST AMENDED COMPLAINT**

15 CV 7242 (ARR) (CLP)

Jury Trial Demanded

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1.    This is a civil rights action in which the plaintiff alleges that the City of New York and New York City Police Officers of the 61st Precinct violated his rights under 42 U.S.C. § 1983 and the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution by illegally stopping, seizing and searching him, falsely arresting him, fabricating evidence against him and violating his right to engage in free speech. Plaintiff also asserts claims of false arrest, false imprisonment and vicarious liability under New York law. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, false

imprisonment and vicarious liability which form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

    4.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

    5.    Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

    6.    In connection with plaintiff's claims of false arrest, false imprisonment and vicarious liability under state law, a notice of claim was duly filed with the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has neglected or refused adjustment or payment of the claims.

    7.    This action is brought within one year and 90 days of the incident at issue.

## PARTIES

    8.    Plaintiff is a resident of the State of Florida.

    9.    The City of New York is a municipal corporation organized under the laws of the State of New York.

    10.    The individual defendants are members of the NYPD. The individual defendants acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein. The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

    11.    Plaintiff is a part-time actor and the owner of a Maxtax franchise.

12. On September 29, 2015, at approximately 7:15 p.m., plaintiff was a passenger in a car driven by his nephew, Adaberto Arroyo.

13. Plaintiff and Arroyo were driving to a vegetarian restaurant located at 8th Avenue and 50th Street in the Bensonhurst section of Brooklyn when they were unconstitutionally stopped at a red light in the vicinity of East 2nd Street and Avenue T in Brooklyn by three male NYPD officers in an unmarked car -- Officer Joseph Poveromo, Officer Kristophero Lopez and Sergeant Dmitry Durets (the "defendants").

14. Immediately upon being stopped, Arrroyo informed the defendants that he had marijuana in his pants and that plaintiff had no knowledge of it.

15. Plaintiff and Arroyo were seized and held at the scene by the defendants for approximately 15 minutes during which time the defendants unlawfully searched plaintiff and the vehicle and placed plaintiff and Arroyo under arrest.

16. The arrest of plaintiff was not predicated on probable cause because: (a) Arroyo informed the defendants that the marijuana belonged to him, (b) no contraband was found in plaintiff's possession, (c) plaintiff had no knowledge that Arroyo was in possession of contraband, and (d) no contraband was in plain view or near plaintiff.

17. After being placed under arrest, plaintiff informed the defendants that they had no basis for arresting him and that he was aware of his rights. One of the defendants, possibly Sergeant Durets, told plaintiff that if he continued to talk, he would add a charge of driving under the influence against Arroyo. Plaintiff stopped talking as a result of this threat.

18. After placing plaintiff and Arroyo under arrest, the defendants took them to the 61st Precinct in Brooklyn and charged them with possession of marijuana.

19. On September 30, 2015, at approximately 12:15 p.m., approximately five hours after their arrests, the defendants released plaintiff and Arroyo with desk appearance tickets directing them to appear in criminal court on November 13, 2015.

20. Between the time that plaintiff was released and his court appearance on November 13, 2015, Officer Poveromo misrepresented to the Kings County District Attorney's Office that plaintiff was found in possession of marijuana.

21. In furtherance of having plaintiff prosecuted, Officer Poveromo, with the approval of the other two defendants, caused the creation of a criminal court complaint falsely charging plaintiff with possession of marijuana.

22. The complaint falsely stated that Poveromo recovered a quantity of marijuana from plaintiff's hand.

23. On November 13, 2015, when plaintiff was arraigned in Criminal Court, Kings County, the false charge of possession of marijuana was adjourned in contemplation of dismissal and immediately sealed.

24. On the same date, the marijuana charge filed against Arroyo was adjourned in contemplation of dismissal.

25. Defendants' illegal conduct as described above caused plaintiff to suffer emotional distress, humiliation, embarrassment, fear, anxiety, substantial inconvenience, a loss of liberty, the pains of incarceration, damage to his personal and professional reputation, and financial loss in the form of travel expenses for having to appear in court.

## FIRST CLAIM

### (§ 1983; FALSE ARREST AND ILLEGAL SEARCH AND SEIZURE)

(Against All Defendants)

26. Plaintiff repeats the foregoing allegations.

27. Defendants, acting under color of state law, unlawfully stopped and seized plaintiff, illegally searched plaintiff and the vehicle in which he is riding, and falsely arrested and imprisoned plaintiff in violation of § 1983 and the Fourth Amendment.

28  Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

29. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

30. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### (§ 1983; FABRICATION OF EVIDENCE)

(Against All Defendants)

31. Plaintiff repeats the foregoing allegations.

32. Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiff had violated the law in violation of § 1983, plaintiff's right to a fair trial under the Sixth Amendment and plaintiff's right to due process under the Fourteenth Amendment.

5

33. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

34. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## THIRD CLAIM

### (§ 1983; VIOLATION OF RIGHT TO FREE SPEECH)

(Against All Defendants)

35. Plaintiff repeats the foregoing allegations.

36. Defendants, acting under color of state law, threatened plaintiff, falsely arrested plaintiff, prosecuted plaintiff and otherwise mistreated plaintiff for the purpose of retaliating against plaintiff for engaging in free speech.

37. Defendants' conduct violated § 1983 and the First Amendment.

38. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

39. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

40. Plaintiff repeats the foregoing allegations.

41. Defendants, while acting under color of state law, had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the First, Fourth,

Sixth and Fourteenth Amendments, but they failed to fulfill their constitutional obligation to intervene.

42. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

43. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CLAIM

## (§ 1983; MUNICIPAL LIABILITY)

(Against the City of New York)

44. Plaintiff repeats the foregoing allegations.

45. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

46. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

47. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.

48. Despite having the aforesaid knowledge, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly investigate prior allegations of police misconduct made against the defendants, including civil rights lawsuits, and failed to properly train, retrain, supervise, discipline, counsel and monitor the defendants after the complaints of misconduct were made.

49. The City of New York's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

50. The City of New York's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

51. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SIXTH CLAIM

### (FALSE ARREST/FALSE IMPRISONMENT UNDER NEW YORK LAW)

(Against All Defendants)

52. Plaintiff repeats the foregoing allegations.

53. Defendants, acting within the scope of their employment as members of the NYPD, unlawfully stopped and seized plaintiff, illegally searched plaintiff and the vehicle in which he was riding, and falsely arrested and imprisoned plaintiff in violation of New York law.

54. Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

55. Because the individual defendants were acting within the scope of their employment when they falsely arrested and imprisoned plaintiff, the City of New York is vicariously liable to plaintiff.

56. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

57. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

    d.    Such other and further relief as the Court may deem just and proper.

DATED:  March 16, 2016

_____/s/_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391